IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

                        Plaintiff.

        v.                                    Case No. 09-2019-KHV-JPO

ERNEST L. LOUK,

                Defendant.

**STIPULATED ORDER OF SETTLEMENT AND CONSENT JUDGMENT**

Plaintiff, United States of America, by and through counsel, Marietta Parker, Acting

United States Attorney for the District of Kansas, and David D. Zimmerman, Assistant United

States Attorney for said District, and Defendant Ernest L. Louk have resolved their dispute by

agreement as set forth in this order.

Based upon the record before the Court and the representations of the parties, the Court

finds as follows:

1.      As a student of the Dr. William M. Scholl College of Podiatric Medicine, Ernest

L. Louk applied for and was granted the following Health Education Assistance Loans

("HEAL") pursuant to the Public Health Service Act § 701-720, 42 U.S.C. §§ 292f-p:

| Date of Promissory Note | Amount of Promissory Note | Amount Disbursed |
|---|---|---|
| 01/17/1986 | $8,900.00 | $8,900.00 |
| 10/02/1986 | $10,000.00 | $10,000.00 |
| 05/21/1987 | $16,178.00 | $16,178.00 |

2.      The HEAL loans were to be repaid at a variable rate of interest beginning the first

day of the tenth month after Mr. Louk ceased to be a full time student or completed a residency

*United States v. Ernest L. Louk*
*Stipulated Order of Settlement and Consent Judgment*
*Page 2*

program.  The loans were subsequently purchased by the Student Loan Marketing Association

("SLMA").

3.      Upon Mr. Louk's leaving the Dr. William M. Scholl College of Podiatric

Medicine, Mr. Louk was granted a deferment and forbearance agreements during the periods of

June 1, 1989, to December 13, 2003, with payments to begin on January 13, 2004.  Between

September 10, 1992, and February 9, 2004, Mr. Louk made sixty-one (61) payments totaling

$50,619.12.  Mr. Louk's account was also credited with a lender refund of $187.00 for a total

amount of credits and payments of $50,806.12.

4.      Mr. Louk defaulted under the terms of the HEAL loans and, as a result, on

October 20, 2005, the SLMA sent Mr. Louk a final demand letter asking him to remit payment in

full or his account would be filed as a default claim.  Mr. Louk did not make any payments nor

did he respond.

5.      The SLMA filed an insurance claim with the Department of Health and Human

Services ("HHS").  The amount paid by HHS on the lender's claim was $58,753.00.  The

lender's claim was paid on December 20, 2005, and an assignment of the notes was received by

HHS.

6.      The total debt due to the United States of America as of January 14, 2009, is

$72,218.35, comprised of $71,864.76 in principal, plus interest accrued of $353.59.

7.      Pre-judgment interest continues to accrue after January 14, 2009, at the interest

rate of 3.375 percent per year, which is $6.65 per day.

*United States v. Ernest L. Louk*
*Stipulated Order of Settlement and Consent Judgment*
*Page 3*

8.     Mr. Louk waives the requirements of personal service of a Summons and Complaint and voluntarily appears with the understanding that he subjects himself to the personal jurisdiction of this Court.  The parties agree that this Court has jurisdiction over the parties and over the subject matter of this lawsuit and this Court so finds.

9.     The parties have agreed to resolve this dispute without further litigation upon the following terms:

a.     Mr. Louk shall make monthly payments to the Plaintiff in the Monthly Payment Amounts set forth below until such time as Mr. Louk has fully paid the Judgment Amount.  The Judgment Amount shall be equal to the sum of the Principal Balance plus Post-Judgment Interest.  The Principal Balance shall be equal to the sum of $72,218.35; plus pre-judgment interest accrued in the amount of $6.65 per day for each day after January 14, 2009, until the date that this stipulation and judgment is filed; minus $300.00 to account for a pre-judgment interest payment made by Mr. Louk by check number 1545 dated October 15, 2008.  Post-Judgment Interest shall equal the amount of interest that accrues at the Post-Judgment Interest Rate on the Principal Balance, beginning on the date that this stipulation and judgment is filed.  The Post-Judgment Interest Rate shall equal the legal rate set forth in 28 U.S.C. § 1961, which is stated below.  Upon the payment of the Judgment Amount, Mr. Louk's HEAL accounts with HHS shall be deemed paid in full.  Funds received shall be applied first to pay Post-Judgment Interest accrued and the remainder shall be applied to the Principal Balance.

*United States v. Ernest L. Louk*
*Stipulated Order of Settlement and Consent Judgment*
*Page 4*

   b.   The amount of the Monthly Payment Amounts shall be computed as

follows:

   (i)   each monthly payment during month one (1) through month twelve

         (12) shall be $300.00;

   (ii)   each monthly payment during month thirteen (13) through month

          sixty (60) shall be $500.00;

   (iii)   each monthly payment during month sixty-one (61) through month

           one hundred and twenty (120) shall be equal to the monthly

           payment necessary to amortize over sixty (60) months the unpaid

           Principal Balance remaining on the 15th day of month sixty (60),

           plus interest accruing on the unpaid Principal Balance at the Post-

           Judgment Interest Rate;

   (iv)   the monthly payment during month one hundred and twenty-one

          (121) shall equal the unpaid balance (if any) of the Judgment

          Amount.

   c.   Monthly payments shall be made payable to "U.S. Department of

Justice."  Monthly payments shall be sent to the following address:

      U.S. Attorney's Office
      444 S.E. Quincy, Suite 290
      Topeka, KS  66683-3592

unless the United States of America designates in writing to Mr. Louk that

payments are to be sent to some other address.  Monthly payments shall be due by

*United States v. Ernest L. Louk*
*Stipulated Order of Settlement and Consent Judgment*
*Page 5*

the 14th day of each calendar month (the "Due Date").  The first monthly

payment shall fall due on the 14th day of February, 2009.

d.      In the event that the full amount of any monthly payment is not received

by the Due Date, Mr. Louk shall be in Default, and the entire unpaid Principal

Balance shall fall immediately due and the United States shall be entitled to

undertake all available administrative and legal remedies to collect the Judgment

Amount, including but not limited to levies, tax refund offsets, debtor

examinations pursuant to Federal Rule of Civil Procedure 69 and the obligation to

annually provide current and complete financial statements, and disqualification

from participation in Medicare and/or Medicaid programs.  Default may be cured

if the full amount of all late monthly payments and current monthly payments due

are received within sixty (60) days after the Default.  For the purpose of

determining whether a payment will cure a Default, payments received shall be

applied first to the monthly payment that falls due on the 14th day of the calendar

month in which the payment is received, then any excess funds shall be applied to

the unpaid balance of the monthly payment that was due on the 14th day of the

immediately preceding calendar month, then any excess funds shall be applied to

the unpaid balance of the monthly payment that was due on the 14th day of the

previous calendar month.

e.      Mr. Louk shall have the option to pay in full the remainder of the unpaid

Judgment Amount without penalty at any time prior to Default.

  f. Any forbearance by the United States of America in exercising any right or remedy available under this stipulation and judgment shall not be a waiver of or preclude the exercise of any such right or remedy.

WHEREFORE, IT IS ORDERED AND ADJUDGED that:

  a. Mr. Louk shall make monthly payments to the Plaintiff in the Monthly Payment Amounts set forth below until such time as Mr. Louk has fully paid the Judgment Amount.  The Judgment Amount shall be equal to the sum of the Principal Balance plus Post-Judgment Interest.  The Principal Balance shall be equal to the sum of $72,218.35; plus pre-judgment interest accrued in the amount of $6.65 per day for each day after January 14, 2009, until the date that this stipulation and judgment is filed; minus $300.00 to account for a pre-judgment interest payment made by Mr. Louk by check number 1545 dated October 15, 2008.  Post-Judgment Interest shall equal the amount of interest that accrues at the Post-Judgment Interest Rate on the Principal Balance, beginning on the date that this stipulation and judgment is filed.  The Post-Judgment Interest Rate shall equal the legal rate set forth in 28 U.S.C. § 1961, which is __.42_ % per annum.  Upon the payment of the Judgment Amount, Mr. Louk's HEAL accounts with HHS shall be deemed paid in full.  Funds received shall be applied first to pay Post-Judgment Interest accrued and the remainder shall be applied to the Principal Balance.

  b. The amount of the Monthly Payment Amounts shall be computed as

*United States v. Ernest L. Louk*
*Stipulated Order of Settlement and Consent Judgment*
*Page 7*

follows:

(i)      each monthly payment during month one (1) through month twelve (12) shall be $300.00;

(ii)     each monthly payment during month thirteen (13) through month sixty (60) shall be $500.00;

(iii)    each monthly payment during month sixty-one (61) through month one hundred and twenty (120) shall be equal to the monthly payment necessary to amortize over sixty (60) months the unpaid Principal Balance remaining on the 15th day of month sixty (60), plus interest accruing on the unpaid Principal Balance at the Post-Judgment Interest Rate;

(iv)     the monthly payment during month one hundred and twenty-one (121) shall equal the unpaid balance (if any) of the Judgment Amount.

c.      Monthly payments shall be made payable to "U.S. Department of Justice."  Monthly payments shall be sent to the following address:

U.S. Attorney's Office
444 S.E. Quincy, Suite 290
Topeka, KS  66683-3592

unless the United States of America designates in writing to Mr. Louk that payments are to be sent to some other address.  Monthly payments shall be due by

*United States v. Ernest L. Louk*
*Stipulated Order of Settlement and Consent Judgment*
*Page 8*

the 14th day of each calendar month (the "Due Date").  The first monthly

payment shall fall due on the 14th day of February, 2009.

d.      In the event that the full amount of any monthly payment is not received

by the Due Date, Mr. Louk shall be in Default, and the entire unpaid Principal

Balance shall fall immediately due and the United States shall be entitled to

undertake all available administrative and legal remedies to collect the Judgment

Amount, including but not limited to levies, tax refund offsets, debtor

examinations pursuant to Federal Rule of Civil Procedure 69 and the obligation to

annually provide current and complete financial statements, and disqualification

from participation in Medicare and/or Medicaid programs.  Default may be cured

if the full amount of all late monthly payments and current monthly payments due

are received within sixty (60) days after the Default.  For the purpose of

determining whether a payment will cure a Default, payments received shall be

applied first to the monthly payment due on the 14th day of the calendar month in

which the payment is received, then any excess funds shall be applied to the

unpaid balance of the monthly payment that was due on the 14th day of the

immediately preceding calendar month, then any excess funds shall be applied to

the unpaid balance of the monthly payment that was due on the 14th day of the

previous calendar month.

e.      Mr. Louk shall have the option to pay in full the remainder of the unpaid

Judgment Amount without penalty at any time prior to Default.

*United States v. Ernest L. Louk*
*Stipulated Order of Settlement and Consent Judgment*
*Page 9*

    f.  Any forbearance by the United States of America in exercising any right or remedy available under this stipulation and judgment shall not be a waiver of or preclude the exercise of any such right or remedy.


          <u>s/ Kathryn H. Vratil</u>
          Kathryn H. Vratil
          United States District Judge


Approved by:


<u>s/ David Zimmerman</u>
DAVID D. ZIMMERMAN
Assistant United States Attorney
500 State Avenue, Suite 360
Kansas City, Kansas 66101
Kan. Fed. Bar No. 23486
(913) 551-6730 (telephone)
(913) 551-6541 (facsimile)
Email: David.Zimmerman@usdoj.gov
   Attorney for the Plaintiff, United States of America

*United States v. Ernest L. Louk*
*Stipulated Order of Settlement and Consent Judgment*
*Page 10*

s/ Ernest L. Louk
ERNEST L. LOUK
5559 NW Barry Road # 186
Kansas City, MO  64154
        Defendant